UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JACKIE MARIE GRAHAM,

                      Plaintiff,

                                                        Case # 16-CV-6787-FPG

v.

                                                        DECISION AND ORDER

NANCY A. BERRYHILL,[1] ACTING COMMISSIONER
OF SOCIAL SECURITY,

                      Defendant.
_____

Jackie Marie Graham ("Graham" or "Plaintiff") brings this action pursuant to the Social Security Act ("the Act") seeking review of the final decision of the Acting Commissioner of Social Security ("the Commissioner") that denied her application for disability insurance benefits ("DIB") under Title II of the Act. ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. § 405(g).

Both parties have moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 10, 12. For the reasons that follow, Plaintiff's motion is GRANTED, the Commissioner's motion is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings.

## BACKGROUND

On November 6, 2013, Graham applied for DIB with the Social Security Administration ("the SSA"). Tr.[2] 175-78. She alleged that she had been disabled since February 10, 2010 due to arthritis, migraines, joint swelling, insomnia, lower back pain, depression, and anxiety. Tr. 199.

---

[1]     Nancy A. Berryhill is now the Acting Commissioner of Social Security and is therefore substituted for Carolyn W. Colvin as the defendant in this suit pursuant to Federal Rule of Civil Procedure 25(d).
[2]     References to "Tr." are to the administrative record in this matter.

Graham later amended her alleged onset date to April 24, 2012. Tr. 36-37. On January 12, 2016, Graham and a vocational expert appeared and testified at a hearing before Administrative Law Judge John P. Costello ("the ALJ"). Tr. 32-70. On March 30, 2016, the ALJ issued a decision finding that Graham was not disabled within the meaning of the Act. Tr. 8-20. On October 18, 2016, the Appeals Council denied Graham's request for review. Tr. 1-4. Thereafter, Graham commenced this action seeking review of the Commissioner's final decision. ECF No. 1.

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation marks omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation marks omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

## II. Disability Determination

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). 20 C.F.R. § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement (20 C.F.R. § 404.1509), the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See* 20 C.F.R. § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative

substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

**DISCUSSION**

**I.     The ALJ's Decision**

The ALJ's decision analyzed Graham's claim for benefits under the process described above. At step one, the ALJ found that Graham had not engaged in substantial gainful activity from her amended alleged onset date of April 24, 2012 through her date last insured of June 30, 2014. Tr. 10. At step two, the ALJ found that Graham has the following severe impairments: history of left-sided carpal tunnel syndrome, obesity, foot tendonitis and arthritis, mood disorder, and depression. Tr. 10-11. At step three, the ALJ found that these impairments, alone or in combination, did not meet or medically equal any Listings impairment. Tr. 11-12.

Next, the ALJ determined that Graham retains the RFC to perform light work[3] with additional restrictions. Tr. 12-18. Specifically the ALJ found that Graham can occasionally stoop, balance, kneel, crouch, crawl, and climb stairs; cannot climb ladders; can frequently reach with the left dominant upper extremity; is limited to low stress work, defined as work involving only occasional changes in the work setting; and should primarily work alone (*i.e.*, not in coordination with others) with only occasional supervision. Tr. 12-13. At step four, the ALJ found that Graham cannot perform her past relevant work. Tr. 18. At step five, the ALJ relied on the VE's testimony

---

[3]     "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, [the claimant] must have the ability to do substantially all of these activities. If someone can do light work, [the SSA] determine[s] that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 404.1567(b).

4

and found that Graham can adjust to other work that exists in significant numbers in the national economy given her RFC, age, education, and work experience. Tr. 18-19. Specifically, the VE testified that Graham could work as a housekeeper cleaner, agricultural produce sorter, and mail clerk. Tr. 19. Accordingly, the ALJ concluded that Graham was not "disabled" under the Act. *Id.*

## II.     Analysis

Graham argues that remand is required because the ALJ erred at step two by finding that her migraines constituted a nonsevere impairment.[4] ECF No. 10-1 at 24-27; ECF No. 13. The Commissioner maintains that the ALJ properly assessed the severity of Graham's migraines and alternatively asserts that any error was harmless because the ALJ found other severe impairments and therefore continued the disability analysis. ECF No. 12-1 at 23-27.

At step two of the disability analysis, the ALJ considers the medical severity of the claimant's impairments. 20 C.F.R. § 404.1520(a)(4)(ii). A "severe impairment" is "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520(c), 404.1521. "Basic work activities" are "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 404.1521(b). It is the claimant's burden to present evidence that establishes the severity of his or her impairment. 20 C.F.R. § 404.1512(c). The claimant must demonstrate "that the impairment has caused functional limitations that precluded him [or her] from engaging in any substantial gainful activity for one year or more." *Perez v. Astrue*, 907 F. Supp. 2d 266, 272 (N.D.N.Y. 2012) (citing *Meadors v. Astrue*, 370 F. App'x 179, 182 (2d Cir. 2010) and *Rivera v. Harris*, 623 F.2d 212, 215 (2d Cir. 1980)). A finding of not severe should be made if the medical evidence establishes only a slight

---

[4]     Graham advances another argument that she believes warrants reversal of the Commissioner's decision. ECF No. 10-1 at 28-30. However, the Court will not address that argument because it disposes of this matter based on the ALJ's failure to consider Graham's migraines in the RFC analysis.

5

abnormality that would have no more than a minimal effect on an individual's ability to work. *Id.* at 271; *see also* S.S.R. 85-28, 1985 WL 56858, at *3 (S.S.A. Jan. 1, 1985).

Even if an impairment is nonsevere, the SSA's regulations require the ALJ to consider those impairments when assessing the claimant's RFC. *See* 20 C.F.R. § 404.1545(a)(2). Remand is required when the ALJ fails to account for the claimant's nonsevere impairments when determining his or her RFC. *See Parker-Grose v. Astrue*, 462 F. App'x 16, 18 (2d Cir. 2012) (summary order).

Here, the ALJ concluded that Graham's migraines were nonsevere because "there is no substantial evidence that [they] had more than a minimal effect on [her] ability to perform work-related activities." Tr. 10. The ALJ noted that the record reflected Graham's complaints of chronic headaches with a history of medication treatment and that Graham testified that she experiences debilitating migraines three to four times a week for 30 minutes to a few hours. Tr. 11. The ALJ reasoned, however, that "the medical evidence of record, including a normal August 2013 brain MRI, simply does not substantiate such migraine frequency and intensity." *Id.* (citing Tr. 310). The ALJ also noted that Graham "was no longer on a Topamax regimen because it was not making a difference, which hints at the modest severity of [Graham]'s migraines and their impact on her functioning." Tr. 11. The ALJ also pointed out that "as recently as November 2015, [Graham]'s diagnoses related to this condition described her migraines as being without aura and without mention of being intractable." *Id.* (citing Tr. 880).

In light of the ALJ's discussion of Graham's migraines at step two and the medical evidence of record, the Court finds that the ALJ did not err when he found that impairment to be nonsevere. Despite this finding, however, remand is still required because the ALJ failed to account for Graham's migraines when determining her RFC. *See, e.g.*, *Parker-Grose*, 462 F.

App'x at 18 ("[E]ven if this Court concluded that substantial evidence supports the ALJ's finding that [plaintiff]'s mental impairment was nonsevere, it would still be necessary to remand this case for further consideration because the ALJ failed to account [for] [plaintiff]'s mental limitations when determining her RFC."). The RFC determination must account for limitations imposed by *both* severe and nonsevere impairments. *See* 20 C.F.R. § 404.1545(a)(2) ("We will consider all of your medically determinable impairments of which we are aware, including your medically determinable impairments that are not 'severe' . . . when we assess your [RFC].").

Here, the ALJ's RFC analysis does not mention Graham's migraines and the RFC determination lacks any related limitations despite evidence that her migraines could interfere with work activities on a regular and continuing basis. The record indicates that Graham suffered from migraines three to four times per week for 20 minutes to a few hours. *See, e.g.*, Tr. 50, 272, 279, 289, 295, 449, 589, 591, 610, 615, 617, 916. It is plausible, for example, that this could interfere with Graham's ability to concentrate and stay on task and that she might require additional breaks throughout the workday.

Accordingly, the ALJ erred when he failed to consider Graham's nonsevere migraines in his RFC analysis and remand is required. Because Graham filed her application nearly four years ago, the Court directs the Commissioner to expedite the remand and review of Graham's case.

## CONCLUSION

Plaintiff's Motion for Judgment on the Pleadings (ECF No. 10) is GRANTED, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 12) is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g). *See Curry v. Apfel,* 209 F.3d 117, 124 (2d Cir. 2000); 42 U.S.C. § 1383(c)(3). The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: November 2, 2017
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court